784 P.2d 715

George **HAYNES**, a single man; **Thomas Bergin**, a single man; **Jean Eisenhower** and **John Patterson**, husband and wife; and **Christopher Martin**, a married man, Plaintiffs/Appellants,

v.

**CITY OF TUCSON**, a political subdivision of the State of Arizona; the Board of Adjustment of the City of Tucson; and **Jackson Eddy** and **Mary Eddy**, husband and wife, d/b/a Two Pesos Restaurant, Defendants/Appellees.

No. 2 CA–CV 89–0057.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 14, 1989.

Gust, Rosenfeld & Henderson by Bruce L. Dusenberry and Kenet E. Chareau by Anne C. Graham, Tucson, for appellants.

Frederick S. Dean, City Atty. by Frank W. Kern, III, Tucson, for appellees City of Tucson and the Bd. of Adjustment of the City of Tucson.

Osmond Burton, Jr., Tucson, for appellees Eddy.

## OPINION

LIVERMORE, Presiding Judge.

Jackson and Mary Eddy purchased commercially zoned vacant property at the corner of Euclid and University Avenues in Tucson, intending to build a restaurant there. Because the building they designed was so large that not enough property remained to provide the parking spaces re-

quired by the Tucson Zoning Code, they successfully sought a variance from the Board of Adjustment of the City of Tucson. The appellants, nearby residents of the proposed restaurant, brought a special action in superior court contending that no evidence supported the granting of the variance under A.R.S. § 9–462.06(G)(2) and the corresponding provisions of the Tucson Zoning Code. The superior court denied relief. We reverse.

A.R.S. § 9–462.06(G)(2) permits a variance "only if, because of special circumstances applicable to the property, including its size, shape, topography, location, or surroundings, the strict application of the zoning ordinance will deprive such property of privileges enjoyed by other property of the same classification in the same zoning district." The Eddys and the Board contend that this test is met because a restaurant as large as the one proposed is necessary to permit an adequate financial return and because the area in which the restaurant is to be built has a large pedestrian traffic. The first reason is chimerical. One cannot choose a particular use and then contend that that use will only be profitable if a variance is granted. Higher economic return can always be expected if zoning restrictions are waived. If that were a "special circumstance," everyone would be entitled to a variance. *See Ivancovich v. City of Tucson Board of Adjustment*, 22 Ariz.App. 530, 529 P.2d 242 (1974). The second reason, while more substantial, is equally unavailing. If a variance could be granted whenever a good reason existed, then the fact that much of the restaurant's clientele were expected to arrive on foot would be a substantial basis on which to justify a reduction in the otherwise required number of parking spaces. That, however, is not the rule imposed by statute. Instead, we are required to find that strict application of the zoning ordinance would deprive the property of privileges enjoyed by other property of the same class in the same district. There is nothing in the record to demonstrate that the Eddy's property does not have the same privileges as any other similarly sized

property used for restaurant purposes in Tucson. That some other such properties may have received variances is immaterial else each grant of a variance would effect a city-wide zoning change.

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.